United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 06-50996
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KATIE GABALDON,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(7:06-CR-7-3)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

 Katie Gabaldon challenges the sufficiency of the evidence for her jury-trial conviction for aiding and abetting the possession, with intent to distribute, 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

 Gabaldon's having properly moved at trial for judgment of acquittal, her sufficiency challenge is reviewed in the light most favorable to the verdict, inquiring only whether a rational juror could conclude from the evidence that the elements of the offense

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were established beyond a reasonable doubt. *E.g.*, **United States v. Cuellar**, 478 F.3d 282, 287 (5th Cir. 2007) (*en banc*). Such review does *not* include the weight of the evidence or witness credibility. *E.g.*, **id.**

Gabaldon erroneously contends the evidence was insufficient regarding her knowledge of the marijuana, which was discovered inside a vehicle in which she was a passenger. A jury could reasonably conclude from the evidence: Gabaldon was present in the vehicle and heard her two co-defendants discussing their delivery of marijuana to Lubbock, Texas. Moreover, there was evidence that the approximately 140 pounds of marijuana, discovered in close proximity to Gabaldon in the vehicle, had an especially strong odor within it. Further, upon the vehicle's being stopped by a law-enforcement Officer, Gabaldon lied about her destination; and, post-arrest, she was also the first person to inform law-enforcement Officers that Lubbock was the intended destination of the marijuana. Viewing the evidence as a whole and in the required light most favorable to the verdict, a rational trier of fact could find the elements of the offense established beyond a reasonable doubt. *See*, *e.g.*, **Jackson v. Virginia**, 443 U.S. 307, 319 (1979); **United States v. Jaramillo**, 42 F.3d 920, 923 (5th Cir. 1995).

*AFFIRMED*